# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3524
_____

Nathan Vercellino

*Plaintiff - Appellant*

Connor Kenney

*Intervenor Plaintiff - Appellee*

v.

Optum Insight, Inc.; United HealthCare Services, Inc.; Ameritas Holding Company
Health Plan

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: November 16, 2021
Filed: February 14, 2022
_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.
_____

KELLY, Circuit Judge.

Nathan Vercellino appeals the decision of the district court[1] pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, to grant summary judgment in favor of Optum Insight, Inc., United HealthCare Services, Inc., and Ameritas Holding Company Health Plan (collectively, the Insurer).[2] Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I

In 2013, Nathan Vercellino was injured in an accident while riding on an all-terrain vehicle (ATV) operated by his friend, Connor Kenney. Both Vercellino and Kenney were minors at the time of the accident. Vercellino was a covered dependent on his mother's insurance plan, administered by the Insurer. The district court determined that the plan is self-funded and that ERISA therefore preempts any applicable state law. Vercellino does not challenge this holding on appeal.

The Insurer paid nearly $600,000 in medical expenses arising out of Vercellino's injuries from the ATV accident. The plan reserves to the Insurer rights of both subrogation and reimbursement. It is undisputed that the Insurer did not exercise its right to seek recovery in subrogation from Kenney or Kenney's parents during the applicable statutory period, nor did Vercellino's mother ever file a lawsuit to recover medical expenses from the Kenneys.

In 2019, Vercellino, by then an adult, filed suit against the Kenneys in Nebraska state court seeking general damages. He filed a separate suit, also in state court, seeking declaratory judgment that the Insurer would have no right of reimbursement from any proceeds recovered in his litigation against the Kenneys.

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

[2]Ameritas is the plan sponsor of the self-funded ERISA plan at issue in this case. United HealthCare is the claim administrator, and it contracted with Optum to pursue recovery on behalf of itself and the plan sponsor.

The Insurer removed to federal court and counterclaimed, seeking declaratory judgment that it *would* be entitled to recover up to the full amount it paid for Vercellino's medical expenses from any judgment or settlement Vercellino obtained. Kenney filed an intervenor complaint against the Insurer in support of Vercellino's claims. The parties filed motions for summary judgment, and the district court granted summary judgment to the Insurer. Vercellino timely filed this appeal. Kenney filed an appellee brief.

## II

As an initial matter, the Insurer has moved to strike Kenney's appellee brief and argues that this court lacks jurisdiction to consider his arguments. The Insurer points out that Kenney was an intervenor-plaintiff below, and the district court's judgment was adverse to his interests in this case, which were aligned with Vercellino's. Kenney therefore had a right of appeal, the Insurer argues, but he neither appealed nor joined Vercellino's appeal. Kenney filed no response to the Insurer's motion to strike and took the position at oral argument that he was not required to file a notice of appeal.

The Federal Rules of Appellate Procedure provide that an appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk" within 30 days after entry of the judgment. Fed. R. App. P. 3(a)(1); Fed. R. App. P. 4(a)(1)(A). Rule 3 also permits a joint notice of appeal to be filed when multiple parties are entitled to appeal a judgment. See Fed. R. App. P. 3(b)(1). In addition, if "one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed." Fed. R. App. P. 4(a)(3). Kenney did not timely file a notice of appeal or join Vercellino's appeal pursuant to Rule 3 or Rule 4, and we therefore grant the Insurer's motion to strike Kenney's brief and dismiss Kenney from this appeal.

## III

Next, we turn to Vercellino's arguments regarding the Insurer's right to reimbursement under the plan. The plan's subrogation and reimbursement terms apply to "covered person(s), including all dependents." The plan defines "covered person" as "either the Participant or an Enrolled Dependent." As relevant to Vercellino, the plan defines "dependent" to include a "natural child" who is "under 26 years of age."

The plan provides a right of subrogation, which requires that beneficiaries "transfer to the Plan their rights to make a claim, sue and recover damages when the injury or illness giving rise to the benefits occurs through the act or omission of another person." The plan also provides for reimbursement rights:

> If a covered person receives any full or partial recovery, by way of judgment, settlement or otherwise, from another person or business entity, the covered person agrees to reimburse the Plan, in first priority, for any medical, disability or any other benefits paid by it (i.e., the Plan shall be first reimbursed fully, to the extent of any and all benefits paid by it, from any monies received, with the balance, if any, retained by the covered person). The obligation to reimburse the Plan, in full, in first priority, exists regardless of whether the judgment or settlement, etc. specifically designates the recovery, or a portion thereof, as including medical, disability or other expenses.

Vercellino offers three bases for this court to find that the Insurer cannot seek reimbursement from any recovery he obtains from Kenney. All are unavailing. First, Vercellino argues that he was never the "real party in interest" with a legal right to recover the medical expenses paid by the Insurer. Since he was a minor at the time, Vercellino asserts, it was his mother who received the benefit of the plan and had the legal right to seek recovery during the statutory period. The statute of limitations for either the Insurer or Vercellino's mother to seek recovery has passed, and Vercellino argues that the obligation to reimburse the Insurer cannot now be transferred to him.

-4-

This argument misunderstands the status of a minor under the plan. The plan language expressly includes "all dependents" as "covered persons." As a dependent covered by the plan, Vercellino is bound by its terms. This argument also conflates the Insurer's separate rights of subrogation and reimbursement. Pursuant to a right of subrogation, an insurer is typically permitted to assume only those rights that the insured in fact possesses. But at issue here is the Insurer's right of *reimbursement*, which, as described in the plan, is much broader. It includes a right to reimbursement from any recovery obtained by Vercellino, a covered person. And under the plan, the Insurer is entitled to reimbursement regardless of whether Vercellino's recovery comes after the statute of limitations has run on any claim the Insurer might have pursued itself or whether the recovery is specifically identified as medical expense damages. Thus, the plain language of the plan is dispositive of Vercellino's argument on this point. See, e.g., Admin. Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Shank, 500 F.3d 834, 838 (8th Cir. 2007) ("Among the primary purposes of ERISA is to ensure the integrity of written plans and to protect the expectations of participants and beneficiaries. Ordinarily, courts are to enforce the plain language of an ERISA plan in accordance with its literal and natural meaning." (cleaned up)).

Next, Vercellino argues that the Insurer waived its right to seek reimbursement from his recovery by failing to exercise its subrogation rights to recover medical expenses during the statutory period. He points to Janssen v. Minneapolis Auto Dealers Benefit Fund, 447 F.3d 1109 (8th Cir. 2006), for the proposition that an insurer cannot seek reimbursement from a minor's recovery after it has failed to pursue its subrogation rights and a claim for medical expenses would be time-barred. But Vercellino's reliance on Janssen is misplaced. The plan in Janssen contained only a subrogation right specific to medical expenses and did not include an independent right to reimbursement. See id. at 1114. This plan, in contrast, contains a distinct reimbursement right that is expressly *not* limited to settlements for medical expenses. Vercellino offers no credible basis for the court to read into the plan a requirement that the Insurer either pursue its subrogation rights

-5-

within the statute of limitations or waive its right to seek reimbursement thereafter. We are bound to enforce the plan according to its plain language.

Vercellino also relies on <u>Montanile v. Board of Trustees of National Elevator Industry Health Benefit Plan</u>, 577 U.S. 136 (2016), for the proposition that this court should fashion an equitable remedy shielding his recovery from the Insurer in light of its alleged "wrongdoing" in failing to pursue its subrogation rights before the statute of limitations expired. As an initial matter, <u>Montanile</u> does not stand for the broad proposition for which it is offered. <u>See</u> <u>id.</u> at 139 (holding that an insurer may not obtain a lien against a beneficiary's general assets when a settlement has been dissipated on nontraceable items). But even if some weighing of the equities were appropriate here, the Insurer has not committed any wrongdoing. The plan establishes subrogation and reimbursement as independent rights and does not require the Insurer to pursue the former to preserve its right to the latter. The plain language of the plan controls, and it authorizes the Insurer to seek reimbursement from any recovery Vercellino obtains that is related to the ATV accident.

Finally, Vercellino argues that the Insurer breached its fiduciary duty by failing to warn him that it would seek reimbursement from his recovery even though it did not pursue its own claims in subrogation during the statutory period. But the information Vercellino claims the Insurer should have disclosed—that the Insurer had separate rights of subrogation and reimbursement—was laid out in the plan documents, and Vercellino does not point to any false or misleading statement made by the Insurer. <u>Cf.</u> <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 599 (8th Cir. 2009) (finding a triable issue as to plaintiff's claim for breach of fiduciary duty where a reasonable juror could find that nondisclosure of investment information was misleading to plan participants). As the Third Circuit has noted, the "assertion that the defendants violated ERISA by enforcing the plain terms of the reimbursement requirement [written in] an ERISA plan document" is "difficult to reconcile with the Supreme Court's observation that . . . 'ERISA's principal function [is] to protect contractually defined benefits.'" <u>Minerley v. Aetna, Inc.</u>, 801 F. App'x 861, 866–67 (3d Cir. 2020) (quoting <u>US Airways, Inc. v. McCutchen</u>, 569 U.S. 88,

100 (2013)).  Similarly, this court rejects Vercellino's argument that the Insurer had a duty to warn him of the plain language of a contract that was available to him.

Courts are instructed to enforce the terms of ERISA plans as they are written. The plain language of the plan at issue here is unambiguous: the Insurer is entitled to seek reimbursement for medical expenses arising out of the ATV accident paid on Vercellino's behalf from any judgment or settlement he receives in his litigation with Kenney.  The judgment of the district court is affirmed.

_____