# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2024

Lyle W. Cayce
Clerk

No. 23-10960
Summary Calendar

———————

Allyson Raskin,

*Plaintiff—Appellant*,

Lindsey Gremont; Kristen Plaisance; Jason Scott
Buster; Alexandra Campo; James L. Clark; Jose
Christine Silvester; Tommie Dickinson; Robert James
Brooks, Jr.; Alana S. Phillips; Lester Rand; Amber Cloy;
Sheron Jennifer Lipper; Juan Carlos Arias; Lynn
Christine Davenport; Anne Stone,

*Appellants*,

*versus*

Clay Jenkins, *Dallas County Judge*; Heider Garcia, *Dallas County Elections Administrator*,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2012

———————

Before Clement, Elrod, and Willett, *Circuit Judges*.

Per Curiam:[*]

Allyson Raskin is a registered voter in Dallas County, Texas, who sought to enjoin Dallas County officials from using electronic voting machines. The district court dismissed her complaint after finding she lacked standing. We AFFIRM.[1]

On August 2, 2022, Raskin, appearing *pro se*, filed a suit in Texas state court seeking to enjoin the defendants—a Dallas County Judge and the Dallas County Elections Administrator—from "using computerized equipment to administer the collection, storage, counting, and tabulation of votes in any election indefinitely" and "to require hand-marked paper ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Texas, not machines." Raskin argued that the defendants violated various provisions of the United States and Texas Constitutions as well as federal and state statutes, including the Help America Vote Act's certification requirements. The defendants removed the case to federal court. At the recommendation of a magistrate

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Raskin's notice of appeal lists twenty-one other individuals as appellants (six of whom have since been voluntarily dismissed from the case). But those individuals were not parties to proceedings below and therefore are not entitled to jointly appeal from the district court's order dismissing Raskin's case. *See* Fed. R. App. P. 3(b)(1) ("When two or more parties are entitled to appeal from a district-court judgment or order . . . they may file a joint notice of appeal."). Nor was this case consolidated with any other case on appeal. *See* Fed. R. App. P. 3(b)(2). We therefore DISMISS all appellants other than Raskin as improper parties. *See* Fed. R. Civ. P. 21 ("[O]n its own, the court may at any time, on just terms, add or drop a party."); *see also Bown v. Reinke*, 722 F. App'x 681, 682 n.1 (9th Cir. 2018) (dismissing improperly joined appellants); *Vercellino v. Optum Insight, Inc.*, 26 F.4th 464, 467 (8th Cir.) (same)*, cert. denied*, 142 S. Ct. 2819 (2022).

judge, the district court dismissed Raskin's complaint, finding that Raskin lacked standing and failed to state a claim upon which relief could be granted.

Our review of dismissals for lack of standing under Federal Rule of Civil Procedure 12(b)(1) is *de novo*. *Lutostanski v. Brown*, 88 F.4th 582, 585 (5th Cir. 2023).[2] To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

This case is controlled by our decision in *Lutostanski v. Brown*, where we held that registered voters in Travis County lacked standing to enjoin election officials' use of an "uncertified electronic voting system." 88 F.4th at 585. There, the plaintiffs asserted that the use of the system "illegalized" their votes. *Id.* at 586. We held that the plaintiffs failed to establish a concrete harm because their alleged injury was a generalized grievance common to all Travis County voters. *Id.* We also rejected the argument that the mere allegation that state officials acted unlawfully in counting votes was sufficient to establish standing. *Id.* ("The only injury plaintiffs allege is that the law— specifically [Texas election law]—has not been followed. This injury is precisely the kind of undifferentiated, generalized grievance about the conduct of government that we have refused to countenance in the past.") (quoting *Lance v. Coffman*, 549 U.S. 437, 442 (2007)).

Here, Raskin's only purported injuries are the same as those we held were insufficient to establish standing in *Lutostanski*. Raskin alleges that the defendants "caused Appellants' . . . votes to be invalidated because they were

---

[2] Because we find that Raskin lacks standing, we need not reach the issue of whether she has stated a claim for which relief could be granted.

cast illegally" via the uncertified voting system. Like the plaintiffs in *Lutostanski*, Raskin has failed to show that such an injury would not have been common to all Dallas County voters. *Id.*; *see also Hotze v. Hudspeth*, 16 F.4th 1121, 1124 (5th Cir. 2021) (holding that voters who alleged that drive-thru voting hurt the "integrity" of the election process was "far too generalized [of an injury] to warrant standing"). Raskin further argues that the defendants acted unlawfully, which she says amounts to an injury. But, again, merely alleging that a defendant acted unlawfully does not amount to a concrete and particularized injury in fact. *Lance*, 549 U.S. at 442; *Lutostanski*, 88 F.4th at 586.[3]

The district court erred, however, in dismissing Raskin's case rather than remanding it to state court. *Lutostanski*, 88 F.4th at 587–88. We therefore AFFIRM the district court's determination that it lacked subject-matter jurisdiction but VACATE the district court's dismissal of the case and REMAND with instructions to remand to state court.

---

[3] Raskin also contends that her belief that her vote amounts to an illegal ballot presents her with a "moral and conscience dilemma" sufficient to be an injury in fact. This argument, however, appears to be grounded in the experiences of the individuals whom we are dismissing as improper parties. Moreover, this argument was not raised before the district court and is therefore forfeited. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal."); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe *pro se* filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts.") (internal citation and quotation omitted).